present case that "after the execution and delivery of the notes and deed of trust . . . there was an agreement between plaintiffs and defendant Carson as to the extension of time of payment of the notes above referred to; . . . that the defendant Carson promised and agreed that if the plaintiff, L. D. Roebuck, would pay him the sum of $500 that he (defendant) would extend the time for the payment of the notes above referred to for and during the term of . . . Carson's natural life," etc. Plaintiffs secured a temporary restraining order, returnable before *Clayton Moore, Special Judge,* on 4 May, 1929.

Upon hearing the motion, the following judgment was rendered:

"After considering the pleadings the court is of the opinion and doth adjudge that the restraining order heretofore issued be, and the same is hereby dissolved."

From the foregoing judgment the plaintiffs appealed.

*B. A. Critcher for plaintiffs.*
*Elbert S. Peel for defendants.*

PER CURIAM. The judge dissolved the restraining order, but found no facts. It does not appear that either party requested a finding of facts. In such cases the determinative principle of law is thus stated in *Wentz v. Land Co.,* 193 N. C., 32. "In injunction proceedings this Court has the power to find and review the findings of fact on appeal, but the burden is on the appellant to assign and show error, and there is a presumption that the judgment and proceedings in the court below are correct." *Angelo v. Winston-Salem,* 193 N. C., 207, 136 S. E., 489; *Lineberger v. Cotton Mills,* 196 N. C., 506, 146 S. E., 215. The theory upon which these decisions rest is that it is to be presumed, nothing else appearing, that the judge found the proper and necessary facts to support the judgment.

Affirmed.

---

NEILL McK. SALMON, WILLIAM E. SALMON AND FRANCES SALMON ATKINS v. W. F. McFARLAND.

(Filed 2 October, 1929.)

**Injunctions D b—Judgment in this case continuing restraining order to final hearing affirmed.**

   Where upon the hearing the court finds that the defendant failed to comply with the terms of his contract for the purchase of certain lands and had abandoned the contract, and had thereafter trespassed upon

the lands and cut and removed timber therefrom, and that the defendant is insolvent, a judgment continuing a temporary restraining order to final hearing will be affirmed on appeal.

CIVIL ACTION, before *Midyette, J.* From LEE. Heard at Chambers on 24 May, 1929.

The plaintiffs alleged that they were the owners of and in possession of a tract of land in Lee County, containing about 900 acres, and that the defendant, without any claim, title or license, had "at divers times entered upon the said premises and cut and removed timber therefrom, and is now cutting and removing from said land certain timber of great value." The plaintiffs pray for a restraining order. The defendant filed an answer, alleging that he had purchased the land in controversy and had made extensive improvements thereon, and was ready, able and willing to comply with the contract of purchase. A temporary restraining order was issued and made returnable before Midyette, J., who found that "the plaintiffs are the owners of and in possession of the land, and that the defendant has failed to comply with any of the terms or conditions stipulated in said contract; that he has neither paid, offered to pay or tendered any portion of the consideration named in said contract, and that the whole of the consideration named therein became due prior to the institution of this action." It was further found as a fact "that subsequent to the execution of said contract the defendant abandoned the same and possession claimed thereunder; that the defendant has during the past several months at divers times, entered and trespassed upon the land described in the complaint, and cut and removed valuable trees and timber therefrom. . . . That the defendant is insolvent and unable to respond in damage for the injury to plaintiffs' land," etc.

Thereupon it was ordered and adjudged that the temporary restraining order "be, and the same is hereby continued to the final hearing of this cause," etc.

From the foregoing judgment the defendant excepted and appealed.

*No counsel for plaintiffs.*
*Baggett & McDonald for defendant.*

PER CURIAM. The facts found by the trial judge are definite and specific, and fully support the judgment continuing the injunction to the final hearing.

Affirmed.